UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-23272-MC-UNGARO/O'SULLIVAN

WESTERNBANK PUERTO RICO,
           Plaintiff,

v.

JACK KACHKAR, *et al.*,
           Defendants.
_____/

**ORDER**

      THIS MATTER came before the Court on the Defendants, Kachkar and Benkovitch's Motion for Limited Protection as to Third Party Subpoenas Served by Westernbank Puerto Rico (DE # 1, 12/17/08).  Having reviewed the applicable filings and law and having heard oral argument in this matter, it is

      ORDERED AND ADJUDGED, that the Defendants, Kachkar and Benkovitch's Motion for Limited Protection as to Third Party Subpoenas Served by Westernbank Puerto Rico (DE # 1, 12/17/08) is GRANTED in part and DENIED in part in accordance with this Order.  Jack Kachkar and Viktoria Benkovitch, the two defendants represented by counsel at the hearing before the undersigned, do not have standing to object to the subpoenas on behalf of the corporate entities.  "Generally, an individual does not have standing to challenge a subpoena served on another, unless that individual has a personal right or privilege with respect to the subject matter of the subpoena."  Barrington v. Mortgage IT, Inc., No. 07-61304-CIV, Cohen/Seltzer, DE # 45, p. 3, citing, Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 22 (D.C. Cir. 2005) ("[A]bsent a privilege, personal interest, or proprietary interest, [a party] has no standing to seek to quash, under Federal Rule of Civil Procedure ("Rule") 45, a subpoena issued to a non-party."); Stewart v. Mitchell Transport, No. 01-2546-JWL, 2002 WL 1558210, *at 1 (D. Kan. July

8, 2002) (party does not have standing to quash subpoena served on another except where party has a personal right or privilege with respect to the subject matter requested in the subpoena); Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 (N.D. Ga. 2001) ("[I]t appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'") (quoting Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979)); Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Colo. 1993) ("A motion to quash . . . a subpoena duces tecum may only be made by the [individual or entity] to whom the subpoena is directed except where the [individual] seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). It is further

ORDERED AND ADJUDGED the subpoenas to Berkovitz, Lago & Company, LLP, and Weinberg & Company, P.A. are quashed as to Kachkar and Benkovitch. The subpoenas shall be enforced as to all others. It is further

ORDERED AND ADJUDGED that subpoenas to Zircon Consultants, LLC, Countrywide Home Loans, Inc. and Mellon United National Bank shall be enforced and shall be responded to by the subject third parties.

DONE and ORDERED, in chambers, in Miami, Florida, this 28th day of February, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Ungaro

All Counsel of Record